UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARIE ANNETTE NAVARRETE,          §
                                  §
        Plaintiff,                §
                                  §
VS.                               §   CIVIL ACTION NO. 2:24-CV-00111
                                  §
TA DEDICATED, INC., *et al.*,     §
                                  §
        Defendants.               §

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant Contract Freighters, Inc.'s ("CFI's") partial motion for summary judgment (D.E. 37). On December 29, 2025, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court grant the motion and dismiss Plaintiff's direct negligence claims against CFI. D.E. 69. Both parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. Plaintiff timely filed her objections on January 12, 2026 (D.E. 73), and CFI filed a response (D.E. 74). After review, the Court **OVERRULES** Plaintiff's objections (D.E. 73) and **ADOPTS** the M&R in its entirety (D.E. 69). Accordingly, the Court **GRANTS** CFI's motion (D.E. 37).

### STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's findings and recommendations on dispositive matters to which the parties have filed specific,

1 / 5

written objections. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### 1. Direct and Vicarious Claims

The Magistrate Judge concluded that because CFI had stipulated that the driver of the truck was acting within the course and scope of his employment, Plaintiff's direct negligence claims are barred. *See* D.E. 69, p. 13. Plaintiff's first objection is that "[t]he Recommendation states 'no court has found negligent entrustment, hiring, training, or retention to be non-vicarious claims.' However, that an employer may be *directly* liable for its own negligent acts is recognized by all fourteen of Texas's Courts of Appeal." D.E. 73, p. 3 (citations omitted).

No one contests Plaintiff's point that negligent entrustment, hiring, and training claims are different from respondeat superior claims. Aside from this one quote, the Magistrate Judge did not imply that negligent entrustment, hiring, and training claims are the same as pure vicarious liability claims, and this statement did not affect the Magistrate Judge's analysis.

The Court finds no error in the Magistrate Judge's thorough analysis regarding the "admission rule." The Court agrees with the Magistrate Judge's conclusion that Plaintiff's direct negligence claims against CFI are precluded because CFI has stipulated to vicarious liability. Therefore, Plaintiff's first objection is **OVERRULED**.

2 / 5

### 2. Application of Chapter 33

Plaintiff next objects that the Magistrate Judge misunderstood Plaintiff's arguments concerning Chapter 33 of the Texas Civil Practice and Remedies Code. D.E. 73, pp. 6-7. She argues that Chapter 33 requires submission to a jury of direct negligence claims against an employer because "the jury must evaluate the conduct of *each* of the parties involved in causing the injury." *Id*. She distinguishes between "'pure' vicarious liability claims that should not be submitted and direct claims that should be submitted for apportionment . . . ." *Id.* at 7. Plaintiff contends that the Magistrate Judge followed "the error of several other courts in applying the rule excluding submission of vicarious liability claims too broadly without considering Chapter 33." D.E. 73, 7. "Because Chapter 33 controls, the Recommendation errs by applying a common law admission rule in conflict with the mandate of Chapter 33 that each actor's responsibility for the harm be evaluated by the jury." *Id*. at 8.

Plaintiff relies on several cases to support submitting direct negligence claims to the jury under Chapter 33. *See* D.E. 73, p. 7. However, these cases do not address direct negligence claims in the presence of a stipulation that the employee was in the course and scope of employment, or the admission rule. *See*, *e.g.*, *Bishop v. Miller*, 412 S.W.3d 758, 783 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *K & K Inez Props., LLC v. Kolle*, 712 S.W.3d 125, 141 (Tex. App.—Corpus Christi–Edinburg 2023, pet. granted), *case abated* (Apr. 25, 2025), *reinstated by* (Aug. 22, 2025); *In re Gamble*, 676 S.W.3d 760, 786 (Tex. App.—Fort Worth 2023, no pet.). In *Oney v. Crist*, there was a stipulation that the driver was in the course and scope of his employment, and there was a claim for negligent

entrustment. The trial court submitted the negligence of the employer to the jury, but did not submit the employer in the apportionment question. 517 S.W.3d 882, 894-895 (Tex. App.—Tyler 2017), *review granted*, *judgment vacated*, *and remanded by agreement*, No. 17-0317, 2018 WL 11483411 (Tex. Apr. 27, 2018). The court of appeals held that the evidence did not support the employer's independent liability for negligent entrustment. *Id*. at 894. Because only the vicarious liability of the employer remained, the applicable percentage of liability did not apply. *Id*. Thus, this case is not helpful.

The Court finds that the Magistrate Judge did not err in his treatment of Chapter 33. The objection is **OVERRULED**.

### 3. Application of Chapter 72

Plaintiff also objects that the Magistrate Judge failed to address Chapter 72, which Plaintiff contends is a "limited statutory admission rule." D.E. 73, p. 9 (citing Tex. Civ. Prac. & Rem. Code § 72.051, *et seq.*). Plaintiff claims that the adoption of this rule is evidence that no common law rule ever existed, or that, if it did, it has been essentially abrogated by the Texas Legislature's adoption of the statutory admission rule. *Id.* Plaintiff states that "[i]f the common law rule was the law, there would be no reason for the statutory one to be passed." D.E. 73, p. 10.

Addressing similar facts and claims as those presented here, the court in *Renteria v. Class Global Logistics, LLC*, No. 3:23-CV-2073-X, 2024 WL 3297518, at *1 (N.D. Tex. July 3, 2024), granted summary judgment on the plaintiff's negligent entrustment and negligent supervision/training claims against the employer. In doing so, it held that § 72.054 bars these direct negligence claims against the employer, given that the

employer's liability was predicated on the employee's negligence and there was a stipulation that the employee acted in the course and scope of his employment. *Id* at *2. Other courts have come to the same conclusion that § 72.054 does not change the existing rule under Texas law. *See, e.g., Martinez v. Transportes Refrigerados Galvan, S.A.*, No. M-23-230, 2025 WL 1239914, at *2 (S.D. Tex. Apr. 10, 2025), *recommendation adopted sub nom. Martinez v. Pineda*, No. 7:23-CV-00230, 2025 WL 1238374 (S.D. Tex. Apr. 26, 2025); *Toral v. Hawk*, No. 4:24-CV-3, 2025 WL 462501, at *11 (E.D. Tex. Feb. 11, 2025).

The Court finds that Plaintiff's direct negligence claims are barred in this case. The objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 69). Accordingly, the Court **GRANTS** CFI's partial motion for summary judgment (D.E. 37). Plaintiff's direct negligence claims against CFI are therefore **DISMISSED**.

**ORDERED** on April 10, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE