United States District Court
Southern District of Texas

**ENTERED**

April 10, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIE ANNETTE NAVARRETE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00111 |
| | § | |
| TA DEDICATED, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant TA Dedicated, Inc.'s ("TA Dedicated's") motion for summary judgment (D.E. 40). On January 30, 2026, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court grant the motion and dismiss all of Plaintiff's claims against TA Dedicated. D.E. 75. Both parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. Plaintiff timely filed her objections on February 13, 2026 (D.E. 78), and TA Dedicated filed a response (D.E. 80).

### STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed,

1 / 4

a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Plaintiff's objections address the recommended dismissal by the Magistrate Judge of her statutory employer claim involving the Federal Motor Carrier Safety Act. The objections are addressed below.

### 1. Objections regarding pleading

**Inadequate Pleading**. The Magistrate Judge concluded that Plaintiff failed to properly plead her theory for statutory employment liability in her complaint. D.E. 75, p. 11 (citing *Fuller v. Biggs*, 532 F. Supp. 3d 371, 381-82 (N.D. Tex. 2021)). Plaintiff objects that she properly pled respondeat superior liability and was not required to specifically plead her theory of statutory employment. D.E. 78, pp. 2-3. She contends that she only needed to give TA Dedicated fair notice of the respondeat superior claim. *Id.*

Common law respondeat superior liability, the elements of which Plaintiff alleged in her complaint, is not the same thing as statutory employment liability. *See Morales v. OK Trans, Inc.*, No. 2:19-CV-00094, 2024 WL 1348405, at *5-6 (S.D. Tex. Mar. 29, 2024) (discussing the relationship between state tort law and the statutory employer doctrine). In particular, a pleading of statutory employment commonly includes allegations that the defendant (1) is a motor carrier and not a broker; (2) does not own the vehicle involved in the incident; (3) is using the vehicle in interstate commerce; and (4) does not employ the

2 / 4

driver. *See id.* As the Magistrate Judge found, pleading common law respondeat superior does not satisfy these additional elements. *See Fuller*, 532 F. Supp. 3d at 381-82.

Plaintiff did not address the facts relevant to the elements required for statutory employment until her response to the motion for summary judgment. *See* D.E. 51, 56. The Magistrate Judge correctly recommended dismissal for failure to plead the claim. D.E. 75, p. 11. Plaintiff's objection that she had pled—or could plead—statutory employment liability is **OVERRULED**.

**More Definite Statement.** Plaintiff argues that if her complaint was insufficiently detailed to give fair notice, then TA Dedicated could have moved for a more definite statement under Federal Rule of Civil Procedure 12(e). D.E. 78, p. 3. However, the factual allegations in the complaint were insufficient for TA Dedicated to anticipate a statutory employer claim. A motion for more definite statement is appropriate when a claim appears incomplete, not when it is entirely missing. *See Turner v. Pavlicek*, No. CIV.A. H-10-00749, 2011 WL 4458757, at *16 (S.D. Tex. Sept. 22, 2011). Plaintiff's objection that TA Dedicated failed to seek a more definite statement is **OVERRULED**.

## 2. Objection regarding statutory employment

Alternatively, the Magistrate Judge concluded that Plaintiff's Federal Motor Carrier Safety Act (FMCSA) theory of statutory employment fails on the merits. D.E. 75, pp. 11-12. Plaintiff premises her claim on what she refers to as the "employer and employee" regulations, as opposed to the "responsibility and control" regulations. *Id.* (citing *Morales*, 2024 WL 1348405, at *2). Therefore, Plaintiff objects that the Magistrate Judge erred in

3 / 4

relying on the "responsibility and control" regulations. D.E. 78, pp. 4-6. Plaintiff states that "the Recommendation erred when it bypassed the applicable statute and regulation cited by Plaintiff in favor of different, inapplicable law . . . ." *Id*. at 4.

Because the Court has found that Plaintiff failed to plead the statutory employer claim, the Court need not address this objection. Plaintiff's objection regarding statutory employment is **OVERRULED as MOOT**.

### CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 75). Accordingly, the Court **GRANTS** TA Dedicated's motion for summary judgment (D.E. 40). Plaintiff's claims against TA Dedicated are therefore **DISMISSED**.

**ORDERED** on April 10, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE